Hear ye, hear ye, this Honorable Appellate Court for the 2nd District is now open. The Honorable Justice Catherine E. Zinoff presiding, along with Justice Mary S. Shostak and Justice Donald C. Hudson. The case is number 219-1143, National Rifle and Pistol Academy, LLC, Plaintiff Appellant versus EFN Brookshire Property, LLC, Defendant Appellee. Arguing for the Appellant, Jennifer Friedland. Arguing for the Appellee, John J. Polinsky, Jr. All right, good morning, Ms. Friedland. You may begin. Good morning. Thank you. May it please the Court, my name is Jennifer Friedland and I represent the Plaintiff Appellant, National Rifle and Pistol Academy. This case has an unusual procedural history that I'm sure you're aware of and is the core of the appeal. I do want to go through a brief timeline of what happened in the trial court in this case. My client initiated this litigation by filing its complaint on November 15, 2018. It was filed two days before there was to be a closing on the sale of commercial property by defendant to plaintiff for $6.3 million. The initial complaint alleged three counts, count one for injunction and declaratory judgment, count two for specific performance, and count three for breach of contract. It was filed because defendant had not performed under the contract such that a closing could take place on November 19, 2018 when it was scheduled to happen and an extension on that date for closing would have cost my client a penalty of $200,000. In lieu of an answer or motion to dismiss, defendant filed a two-page motion for judgment on the pleadings on all three counts. On April 11, 2019, the trial court granted the motion for judgment on the pleadings as to count two for specific performance with prejudice, but allowed my client to replead count one and three, which the court said it treated like a 2615 dismissal. My client filed an amended complaint with more detail of the contract, including some facts discovered after the first complaint was filed. However, it contained the same three counts. Count two was replead for the purpose of preserving the claim on appeal. Defendant then filed an answer to all three counts of the amended complaint. On August 27, 2019, defendant filed a motion for 304A finding for the court's April 11, 2019 order, which was issued four months prior. The reason for the motion was to force an appeal so that this court would affirm the trial court and the Liz penance would be removed from the property, eliminating my client's ability to enforce this contract. There was another interested buyer for the property. On September 23, 2019, the trial court granted the motion for a 304A finding. My client moved for reconsideration of the April 2019 order, but that was denied on December 2, 2019. At that December hearing, the trial court's main reasoning was that the parties never agreed to the description of the property in the contract, but I submit that there was no evidence before the court to support such a finding. In order to maintain its claim for specific performance and its right to the property, the plaintiff was forced to file this appeal. This court asked us to address the trial court's 304A finding, so I want to start there. As you have seen in the record, my client objected to a 304A finding, and we believe the trial court abused its discretion in granting defendants' devotion for that finding. The issue here is whether the trial court erred in granting the motion for judgment on the pleadings as to account for specific performance on the contract. While specific performance may be a standalone cause of action, it is primarily an equitable remedy born from a certain set of facts comprising of a claim. Here that claim is a breach of contract. Orders which simply limit remedies do not merit a 304A finding because the entire claim has not yet been determined. In a case called Blumenthal v. Brewer, the Supreme Court of Illinois stated that where one claim based on the same operative facts is stated differently in multiple counts, the dismissal of fewer than all counts is not a final judgment as to any of the parties' claims, which is required by Rule 304A. Here in this case, all three counts contained the same factual allegations and operative facts, but sought different remedies. There has been no determination as to whether there is a valid and enforceable contract, nor whether the contract was breached. There wasn't even an answer filed at the time of the April order for judgment on the pleadings. The order isn't final. The fact that the trial court provided a 304A order is not dispositive as to this court's jurisdiction and does not in itself make the April order a final one. In fact, there still remains pending an active claim for injunctive relief to prevent the sale of the property to a third party, which is a very similar equitable claim as specific performance. So, this piecemeal approach to the case could result in conflicting orders from this court and the trial court as to whether the defendant is prevented from selling the property during this litigation. Under these circumstances, the trial court abused its discretion when it granted defendants' motion for 304A finding. Now, should this court determine it has jurisdiction, the primary issue here is whether the trial court erred in entering judgment on the pleadings and preventing plaintiff from repleting its cause of action for specific performance. The result of the trial court's ruling eliminates a remedy sought by plaintiff, my client, prior to it even getting to put on evidence of an enforceable contract, again, even prior to the defendant filing an answer to the complaint. The trial court erred for two reasons. Number one, it did not consider any responsive pleadings by the defendant. And number two, it did not give plaintiff leave to replete count two as it did for the other two counts. I'm not going to tell you that the first complaint filed in this case was perfectly pled because it was not perfectly pled. It was drafted on an emergency basis two days before the sale was supposed to close. Plaintiff was trying to avoid a $200,000 penalty arising out of the amendment to the contract since defendant was not prepared to close. However, the complaint does attach the contract and its amendment and the complaint alleges that defendant failed to perform pursuant to the contract. A review of the contract demonstrates that there was certain property identified for sale and a meeting of the minds. The contract also explicitly provides specific performance as a remedy for breach in paragraph 21. After the April order, plaintiff filed an amended complaint which contained facts legally sufficient to support a cause of action for specific performance. Defendant answered that count, despite that it was pled to preserve the claim on appeal. And defendant admitted that it had approval from the city of Naperville to record the plat of subdivision in November of 2018, but defendant refused to record it or take any action to close the sale. It's clear to us that defendant decided to pull out of this deal and then claim there was no meeting of the minds. Despite the plaintiff had already deposited $300,000 in earnest money. Defendant made it impossible to close the deal by refusing to record the plat of subdivision and failing to prepare a deed, title commitment, or survey, which now it is using to say that there was no meeting of the minds as to a description of the property. They can't have that both ways. The trial court was premature in finding a judgment on the pleadings without having reviewed an answer by the defendant and without allowing plaintiff to replete a deficient complaint filed in haste on the eve of a failing sale. Therefore, if this court finds it has jurisdiction pursuant to 304A, we ask you to reverse the complaint on April 11, 2019, along with the September 23, 2019, and December 2nd orders and remand with direction that plaintiff may replete count two for specific performance. Thank you. Thank you very much, Justice Hudson. Do you have questions? Yes. Thank you, Ms. Freeland. Ms. Freeland, I think you're certainly correct that the mere fact that the trial court enters 304A language does not automatically make the order immediately appealable. It also depends on whether or not it's a final order and whether or not there is any just reason for delaying the appeal. I think clearly, and you might have got a hint of this from the order we entered a couple weeks ago, I think the overarching threshold issue is whether we have jurisdiction to even entertain this appeal. Ms. Freeland, can you articulate what you believe the specific rationale was for the trial court to enter this 304A finding? How was this going to advance the litigation? My understanding of the court's order was that the court did not feel as though this property should be held up throughout the litigation. I believe the court felt like it should be marketed and perhaps even sold, leaving my client with only money damages. The court felt as though there was no meeting of the minds upon its review of the contract. All right. The order was entered dismissing the original count two, then repled it, the defendant at that point did not move to dismiss, did not move for judgment on the pleadings with respect to the amended count, the defendant filed an answer, correct? That's correct. Then the request for the 304A finding was made a couple of months later? That's right. The request was made by defendants four months later in August of 2019. So then the 304A language is notwithstanding the fact that the repled count was still pending and in fact had been answered by defendants, correct? That's right. We repled that count to preserve it for appeal, but defendant chose to answer the count. So it was technically pending in the trial court when the 304A language was entered, correct? That's right. Okay. I have other questions later, but that's all I have at this time. Justice Shasta? Justice Shasta? Yeah, I'm sorry. I have a little time getting this thing off of mute. I know. Ms. Friedland, do we ever, can we ever get to the issue of specific performance if we find that there is no jurisdiction? In other words, can we give an advisory opinion to the court? Yes, I believe that if you find, if this court finds that it has jurisdiction, that what this court can... No, what if we find that we do not have jurisdiction with my question? I'm sorry. Oh, I'm sorry. I misunderstood. I apologize. No, I actually don't believe that this court would have the ability to provide an opinion if there's no jurisdiction to hear this case. Okay. Thank you. That's all I have. Don't, this is Justice Enoff, don't the two counts actually rest on different factual allegations and require different relief? That is the two count, two counts. They're not exactly the same, are they, if we look at them? Well, I do believe that they're all part of the same operative facts. I'm grabbing the complaint as I sit here right now, but count two. Well, count two in the amended complaint is requiring EFN to execute the plan, take all and convey lot one of the plat, and then, let me get to the other, here it is, the complaint, just said, wherefore, and plaintiff prays this court enter an order of specific performance to comply with all provisions of the document. That's not the same relief, is it? I do think it's the same relief. I think that it's spelled out more clear in the amended complaint as to what plaintiffs sought in the first complaint for specific performance, which was to complete this sale, there had to be a recording of the plat of subdivision and then a conveyance of the property. I do believe it's just a more specific prayer for relief than what was originally pled. Okay, and are the factual allegations the same on the two complaints? They're certainly not exactly numbered the same. There are more in the original complaint that are incorporated in count two. There are 22 counts in the original complaint, and I believe, let me look here, I think it was 15 in the amended complaint. So, they're not, yes, I'm right, 15. So, they're not exactly the same. I agree with you. They're not the same. I think that counsel, my co-counsel Craig Cobine attempted to make a more clear complaint with the amended complaint, but also by the time the amended complaint was filed, we had learned that the defendant had received approval late in November of 18, 2018, from the city of Naperville for that plat of subdivision at the time of the filing of the original complaint. We didn't know that, so that was added to the amended complaint as well. Okay. And do you contend that the defendant waived a Rule 304A finding? And if so, how? No, I don't believe that's a waiver. It was their motion. It was their motion for 304A. The court found it. I think what you're asking is did they waive it by answering the amended complaint? Right. Yes. I do believe they did. I will say this is a really unusual procedural situation, and I don't believe there's case law out there, but the answer to the count two does not say that it is only for reasons of appeal or anything like that. They simply answered it. Okay. What purpose, if any, would a decision by the appellate court in this case serve at this time? I believe the primary purpose for this decision would be to prevent the sale of that property to a third party. My client is still interested in that property. There would be some confusion if this court found jurisdiction and heard this issue on the specific performance count because there still remains pending, whether you're looking at the first complaint or the second complaint. There's a claim for injunctive relief, which would prevent the defendant from selling to a third party. So I believe it would still tie up the property and hold the property until the end of this case or until we can come to an agreement or whatever. But I think that there could be some conflicting direction to the defendant as to this property. Okay. Thank you very much. All right. At this time, Mr. Am I pronouncing you right? Polinsky? It's Polinsky, Your Honor. Polinsky. You know, I guess there's a mis... Well, okay. Is the C silent? The C is silent. As close as you get in English. Yes, Judge. Okay. Thank you very much. You may proceed. Thank you. May it please the court. My name is John Polinsky and I represent EFN Brookshire Property LLC, the defendant and aptly in this case. I'll cut straight to the portion of the discussion that I think is of most concern to the court and that is the Supreme Court Rule 304A finding. The procedural posture that Ms. Friedland identified is correct. And the question that you had, Justice, about the differences between the two complaints goes straight to the core of the matter. Now, on April 11, when the initial judgment on the pleadings was entered, one of the objections to the motion for judgment on the pleadings was that the court was supposed to have been considering our answer. And as we cited in our papers, the answer can be considered, may be considered, but the court isn't obligated to have an answer when the pleadings on their face clearly show that the plaintiff did not have the right to the relief that he was seeking. But out of an abundance of caution, when Mr. Cobine filed his amended complaint, which was different, as the court noted, but it was different in large measure by omission rather than by addition of additional facts, we filed the answer because the judge had already ruled that there was no way that Mr. Cobine's client could ever seek and get specific performance on the contract which had so many essential terms left open. And in fact, in the amended complaint, it was specifically indicated that it was only being pled for purposes of preserving the issue on appeal. And that's something that Judge Wheaton noted in the oral argument regarding the entry of the 304A finding. So it's a little bit disingenuous on the one hand to say that the court should not have entered a judgment on the pleadings without considering my answer and then having asked for an answer and obtained one to an amended complaint that somehow that amounts to a waiver. The fact remains that there were so many essential terms that were left open that specific performance wouldn't have been appropriate. But to finish up on my discussion of 304A, as the court knows, the 304A finding can be made at any time on a motion or on the court's own motion. I referred the court to a case regarding the estate of Stark 374 Illap 3rd 516 which sets forth the five or so criteria or factors which the court ought to take into consideration in determining whether or not a 304A finding is appropriate. And they are, number one, the relationship between the adjudicated and unadjudicated claims. In this case, we have a complaint for specific performance versus one for declaratory relief and or contract damages. You can't get specific performance and contract damages. So they're different. The second is the possibility of the need for review might be mooted. That would be if you were to lay the court, the trial court in charge with the notion that specific performance would not have to be addressed by this court, perhaps not come to pass. I don't think that's exactly how it plays out. The third factor is the possible need to reconsider an issue. In this case, that wouldn't happen if the court were to find that the trial court was correct that so many essential terms were not reached so as to preclude specific performance. It would do two things. One, it would shorten the proceedings in the trial court. And two, it would be law of the case regarding the declaratory relief that Ms. Friedland indicates is being sought below. Because if you can't get specific performance, the declaratory relief and the injunctive relief below would be rendered not only unfair, but would be rendered moot. The fourth factor is a presence or absence of an offsetting counterclaim. We don't have that issue here. And the fifth factor is a miscellaneous set of factors, including delay or economic solvency issues, expenses, shortening the trial, as I indicated, and the possibility that it will advance settlement. There is a case that is cited in the Stark case called Geier v. Hammer-Holding, 226 Illap 3rd, 383, which specifically indicated that is a permissible purpose for which I want to make sure I get that site correctly. It's 226 Illap 3rd, 372. I apologize. It's a first district case from 1992. The possibility of settlement is one of those miscellaneous factors that can be considered. So now, taking to the original complaint, if the court refers, in paragraph 4, the original complaint specifically said that the parties had not reached agreement on the portion of the overall parcel, which was to be sold. Paragraph 5 says that there was no survey or accurate legal description attached as required by paragraph 1 of the contract. Paragraph 6 says the description of what was going to be conveyed was disputed. Paragraph 7 says the portion of the overall parcel, which the defendant was going to retain, had not yet been the subject of an agreement. Number 8, paragraph 8, says that there was no agreement regarding areas of common maintenance and so forth, and there was an exhibit B to the contract, which was specifically blank. Paragraph 9 said an essential term that is regarding the replacement of a wall on the existing building. Those terms had not reached being the subject of an agreement, and that was an exhibit F to the contract, which is blank. Paragraph 10 said there was no agreement regarding access to railroad switches, and that was reflected in an exhibit D to the contract, which was blank. And paragraph 15 said there was no agreement on a lease back of the building that was there, as is set forth and required by paragraph 11 of the contract. What happened in the amended complaint is that Mr. Cobine simply omitted references to all the areas of a lack of agreement, but the exhibits to the very same complaint show that the agreement didn't exist. So it's not that he made it more precise, it's that he attempted to make it less I will also suggest that the allegations regarding the $300,000 omits the fact that those $300,000 of earnest money are not in my client's possession, but per paragraph 6B of the contract, they're in an interest-bearing account at West Suburban Bank, and so it's not as if my client's in a position of retaining earnest money or a contractual benefit. It's the money just simply hasn't been released. And the last case I would cite the court to is, again, regarding Supreme Court Rule 304A, is Phil Dressler & Associates v. Old Oak Brook Investment, which is 192 Illap 3rd 577. It's very interesting because that is a case that did specifically involve or actually involve a claim for specific performance, and it was right after 304A was modified to its current term. And in that case, summary judgment was entered on a specific performance complaint, and two other counts remained open. After that, within three or four days, the defendant, who had obtained summary judgment, asked for a 304A finding non-pro-tump to the date of the summary judgment. It went up on appeal. This court held that it was a premature notice of appeal because the non-pro-tump portion of the 304A language was ineffective. And so then we got it again. It went up a second time, and the court held that it was an appropriate 304A case on the second appeal. And that's exactly what you have here, a question of specific performance, which I think fits squarely within the five factors. So I'll take the court's questions at this point if anybody has anything. Thank you. Justice Hudson. Yes, I have several questions. Good morning, Mr. Polinsky. Thank you. Good morning. Mr. Polinsky, Ms. Friedland raised the issue that since you answered the repled count, you didn't seek judgment on the pleadings or move to dismiss. You went back in, as I understand it, a couple of months later and asked for the 304A finding that you, in essence, waived your right to request the 304A finding. How do you respond to that argument? I respond in the same fashion I did a moment ago, which is that you can't have it two ways. You can't argue that the judgment on the pleadings shouldn't have been entered without the court considering an answer, then amend the complaint theoretically just for preserving the record on appeal but to make it a different complaint somewhat, and then say that I somehow waived it. I don't think that would fit squarely within any sort of equitable theory, and our answer is consistent with what we said in the first place, which is the contract itself has glaring omissions, so I don't believe that's a waiver, and especially the language that said repleted for purposes of preserving the issue on appeal. And that's exactly what Judge Wheaton said when she considered the argument, that particular argument, when 304A language was added and on the motion to reconsider as well. All right, so let me ask you this. In light of the fact that the replet count, too, was answered by you and is still technically pending in the trial court, isn't it? I take the position that it was answered by me in the sense that it was answered only as to fill out the record, not because it's still technically pending, and Judge Wheaton specifically said, yes, but Mr. Cobine, you only repleted that to preserve the issue on appeal. I don't think the judgment was vacated. There's no order in the record that suggests that the judgment was vacated. Well, regardless of the reasons, the fact of the matter is, isn't it, would you acknowledge that there's a replet count on the record in DuPage County in this case that was never dismissed or ruled on, correct? I would acknowledge that that document exists in the court record. I would say that the earlier order is res judicata, and the second count was specifically alleged only for purposes of preserving the record on appeal, not because it remained a viable count. So that's my response. All right. So what legitimate legal purpose, then, is served by taking an immediate appeal on the dismissed counts when the other count is now pending and replet? In other words, let me give you a couple of scenarios, and you tell me what your response is to these possible implications of these rulings that we could make. If we were to find we had jurisdiction and we reversed the dismissal of the original count two, that would merely revive the count that plaintiff has already abandoned and has pled an additional count, okay? If we affirm the dismissal of the court's ruling dismissing the original count, it would have no effect on the present count, which you've answered, and the trial court did not and did never move to dismiss, or there was no dismissal order entered there. So how would either the affirmance or reversal of the dismissal to the original count two in any way advance the litigation? My response is I don't necessarily buy the premise in your second example, Your Honor. If you were to affirm the trial court's finding that there's no right to specific performance under this set of facts, I don't believe that would revive the second count. As I indicated, I believe the second count was only repleted for purposes of perfecting the record, and I believe your decision, should you be inclined to affirm the trial court's prior judgment, would become law of the case in this situation, and it would, in fact, shorten the proceedings below in that they would not be entitled to the declaratory or injunctive relief that they've sought, but they may still have a viable cause of action for contract damages. Does the plaintiff agree that it was only replete for purposes of appeal, and the plaintiff never expected a ruling on the substantive merits of the count? Well, the plaintiff specifically included that language in the amended complaint, and that's in the common law record. Let me see if I can find my reference. Common law record at page 99, as I recall, that specific language is in the title of the amended count two. I'm reading something maybe a little bit different. Defendant contradicted that allegation by stating that repleting would, quote-unquote, preserve our right to specific performance and appeal. Didn't they say preserve the right to specific performance? Yes, and appeal, right. They're asking to preserve that, and the judge had already entered a final order that said there's no way you have a right to that because there are so many wide-open issues of fact. Put differently, if the court were to say that it lacks jurisdiction, we'd be back in front of Judge Wheaton on an immediate motion for summary judgment now, based upon the very same kind of situation, that is, the glaring omissions in the contract. This court can, by determining that 304A language was appropriate and affirming the trial court's case, this court can seriously circumscribe the going-ahead nature of the remaining litigation. Setting aside the issue of whether or not the plaintiff agrees that they acquiesced in 304A simply because they wanted to take an appeal, did the trial court discuss the Geier factors at all? I don't believe she did discuss them, but the Geier factors are the very same factors that I recited to the court just a moment ago because the Stark case refers to the Geier case in exactly that fashion, and I think it's apparent from looking at it that that contract is fatally deficient as it relates to specific performance. Did the trial court find that the factual and legal concepts between the adjudicated count and the pending count overlapped at all? I don't believe she specifically addressed that in her comments. I do not. I believe they overlap. Do I? Yeah. I believe they're different. I believe in the one situation, seeking contract damages because what we have here, and which is not unusual at all in a complex commercial transaction, what we have here is an underlying agreement for the parties to work towards a closing, and they specifically talk about the number of factors that they're going to have to have fall into place, essentially conditions preceding to the obligation to close. And so I believe at best they have a contract to enter into good faith negotiations and work towards a successful closing. And that's, I believe, how Judge Wheaton was viewing it. And because, as is more succinctly stated or accurately stated in the first complaint, because so many of those things simply never came to pass, she might be in a position to find that my client, although I wouldn't concede it, but she might be in a position to find if there's evidence to support it, my client didn't act in good faith by failing to reach agreement on these various items. But it nevertheless would leave her with no ability to order specific performance because it would require the trial court to supply terms that the party simply never agreed to. Well, to sum up, Mr. Polinsky, you would say that it's not unusual at all for this court to hold we have jurisdiction to entertain the appeal of a dismissed count where the count has been replied and is answered and pending in the trial court. That would not be an unusual position for us to take. Well, I can't say that it's unusual because I can't say that I've spoken to Supreme Court Rule 304A since the Phil Dressler case I addressed. But I can tell you that I don't believe it would be unfair for the court to determine it had jurisdiction specifically when this amended complaint, which, by the way, was simply for preserving the record and the remedy. All right. Thank you, Mr. Polinsky. That's all I have at this time. Justice Shastuck. Yes. One question. A couple of questions. Could we consider the court abuse its discretion in dismissing count two with prejudice without giving an opportunity to reply? Yes. I think that the complaint in both cases attaches the exhibit. An exhibit is the contract. And as the court knows, when exhibits are inconsistent with the factual allegations in the complaint, the exhibits control. And in this case, the contract which is attached has several riders, which are simply blank, indicating that no agreement was ever reached. I don't believe that Judge Wheaton's decision that that contract as it exists was fatally deficient for specific performance. Was it all an abuse of discretion? No. It seems to me that a lot of the rulings that she made, and I think you kind of acknowledged, maybe you didn't acknowledge it, but you've gone that way as well, is a lot of the rulings were based upon judicial economy. And, you know, hey, if she rules this way, this is going to happen anyway. Even in light of judicial economy, don't you still need to follow the case law? With respect to 604A language? Well, I think we have followed the case law with regard to 304A language. Oh, I'm sorry. That's quite all right. I multiplied it by two. That may be the next case, 604A. I think we have followed the case law with regard to not only the letter of the rule itself, but also with regard to the factors. Well, the Geiger case is a little different. I mean, you're citing Geiger, but the Geiger case is a little different than the facts here. Oh, yes. Certainly, Geiger was a Structural Work Act case where the defendant was, the third-party defendant was brought in for failure to have, I think it was certificate of insurance or something like that, and the third-party complaint was dismissed. That's why I cited the court to the Phil Dressler case where it was a separate specific performance count, which was the subject not of a judgment on the pleadings, but of summary judgment with other counts remaining between the very same parties. And in that case, this district said that it had the jurisdiction to take up the summary judgment on the specific performance count with regard to, separate from the others. And there's a very good reason for that. As Ms. Friedland indicated, the property is the subject of a loose pendant, and during the pendency of this litigation, if my client were required to wait around for the plaintiff to come up with some evidence to suggest that the parties had reached an actual agreement, the property itself remains encumbered, and we simply cannot convey it to anyone else without the benefit of them having posted any bond whatsoever. And we've got this collateral issue of the relief for the bond issue that the court took the motions and denied those motions for changing the bond. And as Mr. Cobine's pleadings in that situation point out, the judge does have a remedy if we want to convey it, which is to say that the property would not be subject to a pending Liz pendants and to require my client to post a bond, which we offered to do. All right. All right. I mean, I agree with you. I do agree with you with count two. It was clear that she answered count two to preserve an appeal. But in order to preserve your issue on appeal, you don't have to answer that count. I guess that's correct, except for they overlap. That is to say, because there are allegations that are common to all counts. Then there are, as it's not unusual, then there are three successive counts which adopt the prior allegations. So I had to answer the vast majority of them anyway. And as I forget, I forget which one of you pointed out, but there were 22 paragraphs beforehand and only 15 afterwards. So we had to answer some of them just to answer counts one and three. Right, right. Do we get to the issue of specific performance? In other words, can we give an advisory opinion if we find that we have no jurisdiction based upon 304A? No, I would concur with Ms. Friedlander. If the court lacks jurisdiction, then I don't think that you're in a position to advise Judge Wheaton how she ought to rule, although I'm not all that concerned about it because I think the glaring omissions will continue to exist. Okay, thank you very much, Mr. Polinsky. Thank you. This is Justice Zinoff. I just have one question, a little bit related to one of the questions Justice Shostak asked, and that is, since count two was supposedly repled to perfect the record on the appeal, why did you, well, I think you alluded to why you answered it. What's the effect of your answer as to count two? You said you had to answer the other counts, but you knew that this was only repled supposedly to perfect the appeal. What's the effect of that answer? I think the effect is that it simply perfects the record, and I'll note that one of the court needed to have at its ready the ability to consider my answer, and as we put it in our papers, that's an option, but because the original complaint was so clear that the parties hadn't reached an agreement, it wasn't necessary. So I think the effect of my answer is simply to make the record more clear as to count two. And how did it make it more clear? I guess I've missed this. I'm sorry. How does your answer make it more clear for purposes of the appeal? It reaffirms the fact that all of those allegations still don't have terms, essential terms on the contract. That's it. I understand what you're saying. Okay. Thank you. All right. At this time, then, thank you very much for answering our questions. Ms. Friedland, you have the opportunity for rebuttal. Thank you, Judge. This will be very brief. I want to address this notion mentioned by Mr. Polinsky and also agreed to by the trial court that this contract was essentially an agreement to negotiate. As I mentioned in my opening, this is not a perfect complaint. The original complaint lists the things in the paragraphs that Mr. Polinsky went through approximately four through 11 at the record at C-15. It does list a number of things that were not identified as part of the contract, as Mr. Polinsky calls it, essential terms. Where the confusion lies is that my client believes these are defendant's breaches of the contract, not items that were never agreed upon. If you took time to look at the contract, you would see that the defendant was the execution of the contract. That didn't happen. Within a due diligence period, the parties were to engage in good faith negotiation for a lease back to defendant for parking spaces. That's paragraph 11. That didn't happen. That contract was amended on August 20, 2018 and set a closing date. At that point, my client had deposited $300,000, which I know it's a commercial transaction, but that's a lot of money. Clearly, my client believed this was a contract. Now, the only reason that these terms were not met were because defendant did not meet its obligations under the contract to make this sale. It's not that these terms were not agreed upon. It's that defendant couldn't have identified the property because it never recorded the plat of subdivision, and in fact, it refused to immediately before the sale. I wanted to make that clear. Secondly, I realized I did not give a site for the case that I had relied upon for the 304A discussion, and that is Blumenthal v. Brewer, 2016, Illinois, 118781. That's an Illinois Supreme Court case from 2016. The importance of that case is that where you have the same set of facts and the same transaction upon which a case involves, if you divide up your counts for various remedies, they are all one claim. You cannot provide 304A language when you just take away one of those counts or one of those remedies because the underlying claim has not been decided. I believe that on the one hand, defendant will say the contract isn't enforceable because there was no specific description of the property being conveyed, but on the other hand, it was defendant's obligation under the contract to obtain that description and provide it so it could be conveyed. This idea that there was no agreement, no essential terms, it's all smoke and mirrors and a reason for defendant to evade the enforcement of this contract by specific performance, which plaintiff is entitled to in the contract. That's all I have. Thank you. Thank you. Justice Hudson. Yes, I do have one question. Ms. Friedland, Mr. Polinsky appears to be taking the position that you repled dismissed count solely for the purposes of preserving an appeal. I think the record reflects that when that question was raised before the trial court, you contradicted that assertion by stating that the repleting would preserve your right to specific performance and the appeal as well. Are you acquiescing in his argument that you merely repleted simply to take an appeal? No, I wouldn't acquiesce to that. I would also note that in count one, if you read count one of the amended complaint for injunctive relief, you'll also find a prayer for relief which seeks specific performance. So that was your primary goal along with being put in the position of taking an appeal. Is that what you're saying? Yes. And it remains my client's primary goal to close this deal. Okay. That's all I have. Thank you. Justice Costa. Yes. Did you ask leave to replete count two? No. There's no motion for leave. Nothing further. Thank you. Okay. This is Justice Zinoff. I don't have any questions. At this time, the court would like to thank counsel for their arguments this morning. Our oral argument is concluded. We will take the matter under advisement and render a decision in due course. Thank you again, counsel, for participating this morning. Thank you.